UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | | |
|---|---|---|
| BRADLEY ALAN TROUTEN, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:06-cv-736 |
| | ) | |
| v. | ) | Honorable Robert Holmes Bell |
| | ) | |
| STATE OF MICHIGAN, | ) | |
| | ) | **MEMORANDUM OPINION** |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the court on plaintiff's objections to the report and recommendation of the magistrate judge. Acting pursuant to the provisions of the Prison Litigation Reform Act, 28 U.S.C. §§ 1915(e)(2) and 1915A(b), the magistrate judge recommended that plaintiff's challenge to his conviction for first-degree criminal sexual conduct, purportedly brought under the Declaratory Judgment Act, should be dismissed for failure to state a claim. (docket # 5). Plaintiff objects to this finding, accusing the magistrate judge of a "cover-up" and reasserting his claim that the criminal sexual conduct law violates the Michigan Constitution. (docket # 6). This court affords *de novo* review to recommendations of a magistrate judge made on dispositive matters. FED. R. CIV. P. 72(b).

Upon *de novo* review, the court concurs in both the reasoning and the conclusion of the magistrate judge. Simply stated, a state prisoner's challenge to the fact of his confinement must be raised by habeas corpus petition after exhaustion of state remedies, not by a complaint for declaratory judgment. *See Preiser v. Rodriguez*, 411 U.S. 475, 489-490 (1973). Moreover, a claim

that a state criminal law was passed in violation of the state Constitution is not cognizable in either a section 1983 action or a habeas corpus petition. *Estelle v. McGuire*, 502 U.S. 62, 71 (1991) (error under state law cannot form basis for federal habeas corpus relief); *Baker v. McCollan*, 443 U.S. 137 (1979) (federal civil rights complaint may not be brought to redress violations of state law).

       The court therefore concludes that plaintiff's complaint is indisputably meritless and is subject to summary dismissal. A judgment of dismissal will enter.


Dated:   November 8, 2006             /s/ Robert Holmes Bell
                                                                         ROBERT HOLMES BELL
                                                                         CHIEF UNITED STATES DISTRICT JUDGE